IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIELLE MORRISON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 16-476 |
| v. ) | |
| ) | Hon. Nora Barry Fischer |
| CHATHAM UNIVERSITY ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

I. **Introduction**

Pending before the Court in this matter is a Partial Motion to Dismiss Plaintiff's First Amended Complaint filed by Defendant Chatham University. (Docket No. 13). Having considered Plaintiff's Amended Complaint, (Docket No. 9); Defendant's motion to dismiss and supporting briefing, (Docket Nos. 13, 14); Plaintiff's response in opposition, (Docket No. 19); Defendant's reply, (Docket No. 20); and oral argument presented by the parties on August 29, 2016, (Docket No. 28), Defendant Chatham University's motion to dismiss is GRANTED.

II. **Background**

This matter arises from Plaintiff's enrollment as a doctoral student at Chatham University. The following facts are alleged in the Amended Complaint, which the Court will accept as true for the sole purpose of deciding the pending motion.

Plaintiff, an African-American woman, graduated college with distinction and earned a Master's of Science degree in Counseling Psychology. (Docket No. 9 ¶ 1). In 2009, Plaintiff enrolled as a student at Chatham University to obtain a doctoral degree in Counseling

1

Psychology. (*Id.*). After her initial success and progress in the program, Plaintiff was denied benefits that were given to similarly situated white students and was disparaged based upon her race. (*Id.*). When Plaintiff complained about this treatment, professors and administrators retaliated against her by taking "various improper actions" and by falsely accusing her of plagiarizing a draft paper. (*Id.*). Without affording Plaintiff a hearing, Defendant dismissed her from the doctoral program. (*Id.* ¶¶ 1-2).

Plaintiff filed this action on April 20, 2016. (Docket No 1). After Defendant filed a motion to dismiss, (Docket No. 6), Plaintiff filed an Amended Complaint, asserting three claims against Defendant, (Docket No. 9). In Counts I and II, Plaintiff includes claims against Defendant for the violation of 42 U.S.C. 1981 and for breach of contract. (Docket No. 9 ¶¶ 63-74). Defendant seeks the dismissal of Count III of Plaintiff's Amended Complaint — a claim against Defendant for slander and libel. In Count III, Plaintiff alleges that on April 23, 2012, in the presence of Dean Sharon Fross and Dr. Mary Jo Loughran, Dr. Mary Beth Mannarino accused her of committing plagiarism. (*Id.* ¶ 76). Plaintiff further avers that on May 2, 2012, Dean Fross sent Plaintiff a letter, copying Dr. Mannarino, Dr. Michele Colvard, Registrar Jennifer Bronson, Dr. Jennifer Burns, and Paul Steinhaus, in which she stated that Plaintiff had received an F for plagiarism. (*Id.* ¶ 77). Plaintiff believes that Registrar Bronson placed in her permanent transcript a statement that she received an F and was dismissed by the University. (*Id.* ¶ 78). Defendant filed a partial motion to dismiss and supporting briefing on July 18, 2016, (Docket Nos. 13, 14), and Plaintiff filed a response on July 25, 2016, (Docket No. 19). After Defendant filed a reply, (Docket No. 20), the parties presented oral argument before the Court on August 29, 2016, (Docket No. 28). This matter is now ripe for disposition.

2

### III. Legal Standard

When reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must "'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Eid v. Thompson*, 740 F.3d 118, 122 (3d Cir. 2014) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). To survive a Rule 12(b)(6) challenge, the plaintiff's "'[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *Id*. (quoting *Twombly*, 550 U.S. at 555. (2007). "Thus, 'only a complaint that states a plausible claim for relief survives a motion to dismiss.'" *Id*. (quoting *Iqbal*, 556 U.S. at 679).

Although the Court must accept the allegations in the complaint as true, "'[it is] not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation.'" *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (quoting *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Instead, the plaintiff must plead facts which permit the court to make a reasonable inference that the defendant is liable. *Twombly*, 550 U.S. at 556-57; *Iqbal*, 556 U.S. at 678.

Consistent with these principles, the Third Circuit Court of Appeals has prescribed a three-step analysis for purposes of determining whether a claim is plausible. First, the court should "outline the elements a plaintiff must plead to a state a claim for relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012). Second, the court should "peel away" legal conclusions that are not entitled to the assumption of truth. *Id.*; *see also Iqbal*, 556 U.S. at 679 ("While legal

3

conclusions can provide the framework of a complaint, they must be supported by factual allegations."). Third, the court should assume the veracity of all well-pled factual allegations and then "'determine whether they plausibly give rise to an entitlement to relief.'" *Bistrian*, 696 F.3d at 365 (quoting *Iqbal*, 556 U.S. at 679). This third step of the analysis is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679).

IV. **Discussion**

In its partial motion to dismiss Plaintiff's defamation claim, Defendant contends that Plaintiff has failed to allege facts sufficient to establish the second element of a defamation claim — namely, the publication of a defamatory communication by the defendant. (Docket No. 14 at 6-10). In this regard, Defendant makes three arguments. First, Defendant argues that Plaintiff has failed to plead facts supporting her allegation that her academic transcript was published. (*Id.* at 7-8). Specifically, Defendant asserts that Plaintiff has failed to aver when her transcript was published, to whom it was published, how many times it was published, and whether it was published without Plaintiff's authorization. (*Id.* at 7). Second, Defendant contends that any publication of Plaintiff's transcript is implausible because Defendant's Student Handbook provides that students must authorize the release, or "publication," of their transcripts. (*Id.* at 8). Defendant has attached as an exhibit to its brief a copy of its Student Handbook, which provides, "In order for Chatham University to release a copy of a student's transcript, the student must complete the online transcript request form."[1] (Docket No. 14-1 at 17). Finally, Defendant argues that the truth of the alleged defamatory statement is clear on the face of Plaintiff's

---

[1] The Student Handbook is from Spring 2014, which appears to be irrelevant to the instant matter because Plaintiff's claims arose in 2012.

4

Amended Complaint. (Docket No. 14 at 9-10). Quoting Plaintiff's allegation that the defamatory communication stated that she "'received an F in PSY 831'" and was "'dismissed by the University,'" Defendant maintains that Plaintiff's other claims are based, at least in part, upon her allegations that she received an F in a course and was dismissed from the University. (*Id.* at 9 (quoting Docket No. 9 at ¶ 78)). Defendant insists that because Plaintiff's breach of contract and discrimination claims are based upon these allegations, her defamation claim must be dismissed. (*Id.* at 10).

In response, Plaintiff argues that she has properly alleged both oral and written defamation against Defendant. (Docket No. 19 at 1). In support of her argument, Plaintiff points to the allegations in her Amended Complaint that: (1) Dr. Mannarino accused her of plagiarism in the presence of Dean Fross and Dr. Loughran on April 23, 2012;[2] (2) Dean Fross sent her a letter, copying Dr. Mannarino, Dr. Colvard, Registrar Bronson, Dr. Burns, and Mr. Steinhaus, on May 2, 2012, in which she stated that Plaintiff had received an F for plagiarism; and (3) Plaintiff believes that Registrar Bronson placed in her permanent transcript a statement that she received an F and was dismissed by the University. (Docket No. 19 at 1). Plaintiff claims that "[e]ach of these three paragraphs states a separate cause of action for defamation." (*Id.* at 2-3). Plaintiff also emphasizes that she has requested that all references to plagiarism, her grade, and her dismissal be removed from her transcript because potential employers may request a copy of her transcript. (*Id.* at 2).

---

[2] Plaintiff quotes Paragraph 75 of her Amended Complaint, which also states that "[a]ccording to the Student Handbook, p. 57, Dr. Mannarino should have discussed this matter with the Plaintiff without inviting others to participate in this discussion." (*Id.*). However, page fifty-seven of the Student Handbook that Defendant has attached to its briefing addresses room furnishings, health and safety inspection, ID cards, and indoor sports. (*See* Docket No. 14-1 at 60). Plaintiff has not attached the Student Handbook to any of her filings.

In reply, Defendant first notes that Plaintiff has failed to respond to its argument that the alleged defamatory statements are true. (Docket No. 20 at 2). Defendant next argues that Plaintiff has failed to state a claim for oral defamation, or slander, for two reasons. (*Id.* at 3). First, Defendant asserts that Plaintiff sought feedback on her paper and therefore consented to any statement made in the context of evaluating her paper. (*Id.*) Second, Defendant contends that Plaintiff has failed to allege that the oral statement caused her any "special harm." (*Id.*).

Defamation includes both libel and slander in Pennsylvania. *Pondexter v. Allegheny County Hous. Auth.*, No. 11-CV-857, 2012 U.S. Dist. LEXIS 117992, at *35 (W.D. Pa. Aug. 21, 2012). Pursuant to 42 Pa.C.S.A. § 8343(a), a plaintiff asserting a claim for defamation has the prima facie burden of proving: (1) the defamatory character of the communication; (2) its publication by the defendant; (3) its application to the plaintiff; (4) the understanding by the recipient of its defamatory meaning; (5) the understanding by the recipient of it as intended to be applied to the plaintiff; (6) special harm resulting to the plaintiff from its publication; and (7) abuse of a conditionally privileged occasion. 42 Pa.C.S.A. § 8343(a)(1)-(7). Libel is written defamation, while slander is oral defamation. *Pondexter*, 2012 U.S. Dist. LEXIS 117992, at *36.

The Court will first address Plaintiff's allegations regarding oral defamation. In her Amended Complaint, Plaintiff alleges that Dr. Mannarino accused her of committing plagiarism in the presence of Dean Fross and Professor Loughran on April 23, 2012. (Docket No. 9 at ¶ 76). As Defendant has argued, Plaintiff has failed to allege that any special harm resulted as a result of this exchange. In the context of the special harm requirement, "a plaintiff must plead 'a specific monetary or out-of-pocket loss *as a result of the defamation*.'" *Pecha v. Botta*, No. 2:13-CV-1666, 2016 U.S. Dist. LEXIS 41278, at *12 (W.D. Pa. Mar. 29, 2016) (quoting *Cornell*

6

*Cos., Inc. v. Borough of New Morgan*, 512 F. Supp. 2d 238, 271 (E.D. Pa. 2007) (emphasis in original)).

At the oral argument held on August 29, 2016, Plaintiff argued that she was not required to plead special harm because she has stated a claim for slander per se. "Pennsylvania recognizes an exception to the 'special harm' requirement for slander actions." *Pennoyer v. Marriott Hotel Servs.*, 324 F. Supp. 2d 614, 618 (E.D. Pa. 2004). "A plaintiff may succeed in a claim for defamation absent proof of special harm where the spoken words constitute slander per se." *Id.* There are four categories of statements that constitute slander per se, specifically, "words that impute (1) criminal offense, (2) loathsome disease, (3) business misconduct, or (4) serious sexual misconduct." *Id.* Because the statements at issue here do not fall under any of the categories of slander per se, the Court must reject Plaintiff's argument that she was not required to plead special harm.

In the context of her allegations regarding written defamation, Plaintiff avers that Dean Fross sent a letter, copying Dr. Mannarino, Dr. Colvard, Registrar Bronson, Dr. Burns, and Mr. Steinhaus, on May 2, 2012, in which she stated that Plaintiff had received an F for plagiarism. (Docket No. 9 at ¶ 77). Plaintiff further alleges that Registrar Bronson placed in her permanent transcript a statement that she received an F and was dismissed by the University. (*Id.* at ¶ 78). Plaintiff has averred that notations on her transcript regarding her grade, the plagiarism, and her dismissal will result in special harm because "it [will be] difficult[,] if not impossible[,] for her to find employment in her profession." (*Id.* at ¶ 80).

Although Plaintiff has alleged that the notations on her transcript will result in special harm, in the form of a monetary or out-of-pocket loss, the Court finds that her defamation claim must be dismissed because the face of Plaintiff's Amended Complaint makes clear the truth of

the defamatory statements. In Pennsylvania, truth is an affirmative defense to a defamation claim. *Bobb v. Kraybill*, 511 A.2d 1379, 1380 (Pa. Super. Ct. 1986) ("Truth is an absolute defense to defamation in Pennsylvania.") (citing *Hepps v. Phila. Newspaper, Inc.*, 485 A.2d 374, 377 (Pa. 1984)). While courts generally do not consider affirmative defenses at this stage of the case, they may be addressed when they appear on the face of the complaint. *See Ball v. Famiglio*, 726 F.3d 448, 459 n.16 (3d Cir. 2013) (explaining that courts may consider affirmative defenses at the motion-to-dismiss stage of a case, "provided that the basis of the defense [is] apparent on the face of the complaint"); *see also Fanelle v. LoJack Corp.*, 79 F. Supp. 2d 558, 563 (E.D. Pa. 2000) (noting that the defense of truth in a defamation claim is not considered at the motion-to-dismiss stage of a case, unless the defense appears on the face of the complaint).

The face of Plaintiff's Amended Complaint makes clear that she received a failing grade in the course PSY 831 and was dismissed from the doctoral program. (*See* Docket No. 9 at ¶¶ 2-3, 58, 61). Indeed, these allegations serve as a basis, in part, upon which Plaintiff asserts her 42 U.S.C. § 1981 and breach-of-contract claims against Defendant. (*See id.* at ¶¶ 63-74). Well-settled law provides that a defamation claim may be dismissed when the affirmative defense of truth is apparent on the face of a complaint, and Plaintiff has failed to provide any legal support in her response in opposition to Defendant's partial motion to dismiss. (*See* Docket No. 19 at 1-3). The Court, therefore, concludes that Plaintiff's defamation claim must be dismissed from her Amended Complaint. *See, e.g.*, *Wilson v. Kerestes*, No. 3:13-CV-3076, 2014 U.S. Dist. LEXIS 182044, at *23 (M.D. Pa. Feb. 20, 2014) (noting that truth is an affirmative defense to a defamation action and recommending that the plaintiff's defamation claim be dismissed with prejudice); *Wilson v. Kerestes*, No. 3:13-CV-3076, 2015 U.S. Dist. LEXIS 17475, at *13 (M.D. Pa. Feb. 12, 2015) (adopting the recommendation and dismissing the plaintiff's defamation claim

with prejudice). *See also Pelagatti v. Cohen*, 536 A.2d 1337, 1346 (Pa. Super. Ct. 1987) (affirming the partial dismissal of a defamation claim where the alleged defamatory statements "[were] discernibly true from the face of the complaint").

The Court's final inquiry is whether the dismissal of Plaintiff's Amended Complaint should be with prejudice or without prejudice, granting Plaintiff leave to amend her complaint once again. Plaintiff previously exercised her right to file an amended complaint pursuant to Federal Rule of Civil Procedure 15(a)(1)(B) but has not requested leave to amend a second time in her responsive brief nor supplied the Court with a proposed Second Amended Complaint. *See, e.g.*, *U.S. ex rel. Zizic v. Q2Administrators, LLC*, 728 F.3d 228, 243 (3d Cir. 2013) ("[A] 'bare request in an opposition to a motion to dismiss — without any indication of the particular grounds on which amendment is sought . . . — does not constitute a motion within the contemplation of Rule 15(a).'") ((quoting *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1280 (D.C. Cir. 1994)); *McWreath v. Range Res. - Appalachia, LLC*, No. 15-1371, 2016 U.S. App. LEXIS 5755, at *5 (3d Cir. Mar. 29, 2016) ("[T]he failure to submit a draft amended complaint 'is fatal to a request for leave to amend.'") (quoting *Zizic*, 728 F.3d at 243). In any event, leave to amend may be denied if an amendment would be futile. *See Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000) ("An amendment is futile if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted."); *Centifanti v. Nix*, 865 F.2d 1422, 1431 (3d Cir. 1989) ("[A] district court may properly deny leave to amend where the amendment would not withstand a motion to dismiss."). Because the face of Plaintiff's Amended Complaint makes clear the truth of the defamatory statements, granting Plaintiff leave to file a second amended complaint would be futile. Accordingly, Count III of Plaintiff's Amended Complaint will be dismissed, with prejudice.

## V. Conclusion

For the foregoing reasons, the Court GRANTS Defendant Chatham University's Partial Motion to Dismiss Plaintiff's First Amended Complaint, with prejudice. An appropriate Order follows.

<i>s/Nora Barry Fischer</i>
Nora Barry Fischer
United States District Judge

cc/ecf: All counsel of record

       David K. McMullin, Esquire
       564 Forbes Avenue
       Suite 804
       Pittsburgh, PA 15219-2909